**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH M. FERRO,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-1016** |
| | : | |
| **ATLANTIC CITY SHOWBOAT, INC., d/b/a SHOWBOAT CASINO HOTEL, et al.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**STENGEL, J.** **December 3, 2007**

______This is a diversity negligence action stemming from an elevator accident at the Atlantic City Showboat Casino, in which Joseph Ferro was seriously injured. In February 2007, Ferro brought this suit against Showboat and Thyssen-Krupp Elevator,[1] the elevator maintenance company, in the Court of Common Pleas of Philadelphia County. After removing this action here on the basis of diversity jurisdiction, Showboat filed a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. For the following reasons, I conclude that this court lacks personal jurisdiction in this case. However, I will deny the motion to dismiss the complaint and transfer this matter to the United States District Court for the District of New Jersey.

---

1 In an Order dated December 3, 2007, I re-instated Thyssen-Krupp Elevator as a defendant in this action.

## I. Motion to Dismiss Under Rule 12(b)(2)

Showboat filed a motion to dismiss this action for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Ferro responded that Showboat is collaterally estopped from asserting a lack of personal jurisdiction, because "multiple state courts have considered the precise issue of personal jurisdiction over this defendant on numerous occasions." Resp. Mot. Dismiss at 2. Ferro also argues that this court has personal jurisdiction due to Showboat's systematic and substantial contacts with Pennsylvania. Id. at 5.

### A. Collateral Estoppel

Collateral estoppel may be asserted to bar a party from re-litigating an issue that has reached a final determination in a previous proceeding. See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979). The previous action must have been decided on the merits, and "a dismissal for want of *in personam* jurisdiction is not a judgment on the merits of the cause of action itself." Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances, 723 F.2d 357, 360 (3d Cir. 1983); see also FED. R. CIV. P. 41(b) ("Unless the court in its order otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction … operates as an adjudication upon the merits.")

In order for collateral estoppel to apply, "(1) the issue decided in the prior adjudication must be identical to the one presented in the later action, (2) there must be a

final judgment on the merits, and (3) the party against whom the doctrine is asserted must have been a party or in privity with a party to the prior adjudication and have had a full and fair opportunity to litigate the issue in question in the prior action." Seborowski v. Pittsburgh Press Co., 188 F.3d 163, 169 (3d Cir. 1999).

Here, it is Ferro's burden to establish that the collateral estoppel bar applies to Showboat's claim of lack of personal jurisdiction. In support of his argument, Ferro attached to his response copies of four civil docket reports of cases filed in the Court of Common Pleas of Philadelphia County between 2003 and 2005, in which Showboat was the defendant. Resp. Mot. Dismiss, Ex. B. The docket reports indicate only that in these cases, Showboat's preliminary objections were overruled by the court. Id. There is no record of the grounds for the objections, and no record showing whether the court, in ruling on them, took into consideration any evidence offered by Showboat. Id. While Ferro asserts that these overruled preliminary objections concerned Pennsylvania's exercise of general personal jurisdiction over Showboat, there is no proof of that assertion, or that the issue was fully litigated. He provided no evidence of a full hearing at the state court level, and no indication that a detailed opinion accompanied the dismissal of Showboat's preliminary objections to the cited cases. There was also no opportunity for Showboat to pursue avenues of appeal concerning jurisdiction, because under Pennsylvania law, denial of preliminary objections is interlocutory and not ordinarily subject to appeal. See Midomo Co. v. Presbyterian Hous. Dev. Co., 739 A.2d

180, 182 (Pa. Super. Ct. 1999). Thus, Ferro's claim of collateral estoppel is without merit.

**B. Legal Standard**

To defeat a motion for dismissal for lack of personal jurisdiction, a plaintiff must present a *prima facie* case that jurisdiction existed. See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 94 (3d Cir. 2004) (citing Mellon Bank (East) PSFS Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). A court must resolve any disputed facts in favor of the plaintiff and accept plaintiff's allegations as true. Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003). Once the plaintiff has made out a *prima facie* case of sufficient contacts, the defendant bears the burden of presenting a compelling case that other considerations render jurisdiction unreasonable. Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 483 (3d Cir. 1993).

**C. Personal Jurisdiction**

A district court must apply the laws of the state in which it sits in determining whether it may exercise personal jurisdiction over a non-resident defendant. Bucks County Playhouse v. Bradshaw, 577 F. Supp. 1203, 1206 (E.D. Pa. 1983). There are two distinct theories under which personal jurisdiction can be exercised. General jurisdiction is based on a defendant's continuous and systematic contacts with the forum state. See Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 416 (1984). Specific jurisdiction can be exercised when the plaintiff's cause of action arises out of the

defendant's forum-related activities. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

In its motion to dismiss, Showboat argues that this court has neither general nor specific jurisdiction over it. Mot. Dismiss pp. 10, 13. Ferro attempts to establish solely that this court has general personal jurisdiction over Showboat based on its continuous and systematic contacts with the Commonwealth of Pennsylvania. Resp. Mot. Dismiss, p. 15. He does not contend that this court has specific jurisdiction over the defendant.

The starting point for the inquiry into whether this court has general jurisdiction over a non-resident defendant is Rule 4(e) of the Federal Rules of Civil Procedure which "[a]uthorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." Mellon Bank, 960 F.2d at 1221 (citing Mesalic v. Fiberfloat Corp., 897 F.2d 696, 698 (3d Cir. 1990)). Thus, the jurisdiction of this court reaches as far as Pennsylvania's long arm statute, which states that "[t]he jurisdiction of the tribunals of this Commonwealth shall extend to all persons . . . to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 PA. CONS. STAT. ANN. § 5322(b). The reach of this section is coextensive with the due process clause of the 14th Amendment. See North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 690 (3d Cir. 1990) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984)).

Under Pennsylvania's long-arm statute, general personal jurisdiction is exercised over a defendant based on that defendant's "continuous and systematic" contacts with this state. Remick v. Manfredy et al., 238 F.3d 248, 255 (3d Cir. 2001). It exists "even if the plaintiff's cause of action arises from the defendant's non-forum related activities." Id. (quoting Vetrotex CertainTeed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147, 151 (3d Cir. 1996)). The forum-state contacts must be such that the defendant can reasonably anticipate being haled into court there. World-Wide Volkswagen, 444 U.S. at 297. Once it is established that the defendant's contacts with the forum are continuous and systematic, a court must be sure that maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316, (1945).

The Third Circuit has held that in order to properly exercise general personal jurisdiction over a defendant, the required contacts must be significantly more than mere minimum contacts. See Provident Nat'l Bank v. California Federal Sav. & Loan Asso., 819 F.2d 434, 437 (3d Cir. 1987). These contacts must show that the defendant carried on a continuous and substantial part of its general business within the commonwealth. Id. at 438; Gehling v. St. George's School of Med., 773 F.2d 539, 541 (3d Cir. 1985). In order to determine specifically if an out-of-state corporation can be held liable for negligent conduct that occurs outside the forum state, courts have continued to apply this high standard. See Gehling, 773 F.2d at 541; see also Reliance Steel Prods. Co. v.

Watson, Ess, Marshall, & Engass, 675 F.2d 587, 589 (3d Cir. 1982). In order to show that a court may exercise general personal jurisdiction, the facts showing continuous and substantial forum affiliations must be "extensive and persuasive." Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 588-89 (3d Cir. 1982).

Ferro asserts that "he was lured to defendant's place of business via advertisements which were regularly placed through media in the Commonwealth of Pennsylvania . . . for the express purpose of luring patrons from the Commonwealth to defendant's place of business." Resp. Mot. Dismiss p. 15. He attached to his response an article taken from the internet as proof that Showboat's maintains continuous, systematic and substantial contacts in Pennsylvania. The article was written by a staff writer for the Philadelphia Inquirer, and discusses the high rate of casino gambling among Pennsylvania's elderly who are attracted to Atlantic City by the low-cost bus rides offered by Showboat and other casinos. The article made only one passing reference to Showboat in its six pages.

Courts in this circuit have held that national advertisements that reach Pennsylvania residents or limited promotional mailings directed at Pennsylvanians are alone insufficient to establish general jurisdiction over an out-of-state corporation. For example, in Wims v. Beach Terrace Motor Inn, Inc., the court found that it did not have general personal jurisdiction over the defendant motor inn despite the fact that it mailed over 1,000 brochures to Pennsylvania residents yearly. 759 F.Supp. 264, 269 (E.D. Pa.

1991). The court further found the defendant's contacts with Pennsylvania insufficient because it did not pay taxes or file tax returns in Pennsylvania; acquire goods, materials, or other supplies in Pennsylvania; advertise in newspapers and magazines sold in Pennsylvania; or maintain a telephone listing or mailing address in Pennsylvania. Id. at 270 (the mere fact that a number of the motor inn's guests were Pennsylvania residents does not in itself establish that Beach Terrace maintained substantial and continuous contacts with Pennsylvania); see also Inzillo v. the Cont'l Plaza, 2000 U.S. Dist. LEXIS 20103, No. 99-0100 at *10 (M.D. Pa. Nov. 27, 2000) (declining to exercise general jurisdiction where defendant resort paid commissions to Pennsylvania travel agencies, advertised twice in Pennsylvania newspapers, and hosted numerous visitors from Pennsylvania, since it was not licensed to do business in Pennsylvania, owned no real property in and maintained no place of business in Pennsylvania, maintained no mailing address or bank account in Pennsylvania, and paid no tax in Pennsylvania); Blackwell v. Marina Associates d/b/a Harrah's Casino Hotel Atlantic City, 2006 U.S. Dist. LEXIS 9423, No. 05-5418 at *14 (E.D. Pa. Mar. 9, 2006) (finding that general jurisdiction did not exist where defendant casino sent promotional advertisements to the plaintiff and his wife and frequently brought suit in Pennsylvania as a plaintiff, noting that purposeful availment of Pennsylvania courts, as a specific jurisdiction concept, is immaterial to the question of whether a non-resident plaintiff can be haled into court as a plaintiff under general jurisdiction).

Neither the Inquirer article nor the civil docket reports support Ferro's allegations regarding Showboat's contacts with Pennsylvania. Ferro, thus, has not met his burden of proving through affidavits or other competent evidence sufficient contacts with the forum state to establish personal jurisdiction over Showboat. Rushton v. Marina Associates, 2006 U.S. Dist. LEXIS 9423, at *3 (W.D. Pa. August 18, 2005) (plaintiff's vague assertion, made in a brief with no supporting affidavit or other evidence, that defendant casino regularly receives business invitees by way of tour buses was insufficient to establish continuous and systematic contacts with Pennsylvania).

Ferro has presented no other evidence in support of its assertion that Showboat is subject to general personal jurisdiction in Pennsylvania. There is no claim that Showboat owns or operates property in Pennsylvania, has agents or employees in Pennsylvania, or is licensed to do business in Pennsylvania. Therefore, plaintiff has not met his burden of proof to show that Showboat has sufficient contacts with Pennsylvania such that this court can exercise general personal jurisdiction.

**Motion to Dismiss Under Rule 12(b)(3)**

Because this court does not have personal jurisdiction over the defendant, venue is not proper in this district under 28 U.S.C. § 1391(a).[2] However, instead of dismissing the

[2] Section 1391(a) provides that in diversity cases, venue is proper in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) where any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

case, I will exercise the discretionary power afforded me under 28 U.S.C. § 1406(a)[3] and transfer this action to the District of New Jersey. Jurisdiction and venue are proper in New Jersey because Showboat is incorporated there, and the events leading to Ferro's injuries occurred in New Jersey. Transferring the case will also serve the court's interests in judicial economy by obviating the need for the plaintiff to re-file his claim in New Jersey.

An appropriate Order follows.

---

[3] Section 1406(a) provides that a district court may in the interest of justice transfer a case laying venue in the wrong division or district to any district or division in which it could have been brought.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH M. FERRO,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-1016** |
| | : | |
| **ATLANTIC CITY SHOWBOAT, INC., d/b/a SHOWBOAT CASINO HOTEL, et al.,** | : | |
| **Defendants** | : | |

**ORDER**

**STENGEL, J.**

**AND NOW**, this 3rd day of December, 2007, upon consideration of Defendant Showboat's motion to dismiss (Document #2), and the plaintiff's response thereto (Document #4), it is hereby ORDERED that:

1. The motion is DENIED to the extent that it seeks dismissal of the plaintiff's complaint.

2. The motion is GRANTED to the extent that this matter is TRANSFERRED to the United States District Court for the District of New Jersey.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.